Filed 2/27/24  P. v. Guerra CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C097903 |
| Plaintiff and Respondent, | (Super. Ct. No. CR20203171) |
| v. | |
| LOT PEREZ GUERRA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Lot Perez Guerra has asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

## I.  BACKGROUND

In order to facilitate a plea, the People's third amended information charged defendant with: assault with intent to commit a specified sexual offense (Pen. Code,

§ 220, subd. (b)—count 1);[1] burglary (§ 459—counts 2 and 5); lewd and lascivious behavior upon a child aged 14 or 15 (§ 288, subd. (c)(1)—counts 3 and 4); misdemeanor sexual battery (§ 243.4, subd. (e)(1)—count 6); and assault with intent to commit a specified sexual offense on an individual under 18 years of age (§ 220, subd. (a)(2)—count 7). The information further alleged that count 7 was committed with a deadly weapon. (§ 12022.3, subd. (b).) This information also alleged 10 circumstances in aggravation for purposes of sentencing.

Defendant pled no contest to counts 5, 6, and 7. Defendant also admitted the deadly weapon enhancement. In exchange, defendant would receive a stipulated aggregate prison term of 14 years comprised of the upper term of nine years on count 7, plus five years for the weapon enhancement. Defendant would also receive concurrent terms for counts 5 and 6. The stipulated factual basis for defendant's plea was the preliminary hearing transcript with the addition that defendant had wielded a screwdriver or similar tool during the assault of the minor victim. The remaining counts and enhancements were dismissed on the People's motion in the interests of justice.

On July 13, 2022, prior to sentencing, the trial court received a letter from defendant complaining he had just learned his retained attorney's license was revoked on November 5, 2021, and requesting a new attorney. At the start of the August 2, 2022 sentencing hearing, the trial court addressed defendant's letter explaining he could fire his privately retained counsel if he desired, and the court would appoint him a new attorney. Defendant conferred with his retained counsel and counsel informed the court that defendant was concerned with the possible application of Assembly Bill No. 124 (2021-2022 Reg. Sess.) given that he may have mitigating circumstances under that legislation. Defendant's counsel had advised defendant that these issues would have to be dealt with

---

[1] Further undesignated statutory references are to the Penal Code.

in the trial court and that there was no guarantee of a more favorable plea if he were successful in bringing an ineffective assistance claim allowing him to withdraw from his plea agreement. The People added that the aggravating factors in defendant's case substantially outweighed the mitigating factors such that it was unlikely defendant would receive a more favorable sentence even with the ameliorative legislation. Defendant elected to not fire his counsel and proceeded with sentencing that day.

Thereafter, the trial court sentenced defendant as recommended by the probation department and in accordance with the plea agreement to the aggregate prison term of 14 years comprised of the upper term of nine years on count 7, plus the upper term of five years for the weapon enhancement, plus a concurrent upper term of six years for the burglary, and a concurrent term of 364 days in jail. The trial court further awarded $475 in victim restitution to one victim and $1,244.47 in restitution to the other victim.

We granted defendant's request to file his notice of appeal under the constructive filing doctrine on February 24, 2023. Defendant's notice of appeal checked the box challenging matters occurring at sentencing or after his plea that did not affect the validity of the plea. Defendant also completed a request for a certificate of probable cause, which was not ruled upon by the trial court.

## II.  DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant requested and was granted an extension to January 2, 2024, to file a supplemental brief. However, defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors that would result in a disposition more favorable to defendant.  Accordingly, we will affirm the judgment.

### III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

MAURO, J.